UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 AUG -3  PM 2: 46

LORETTA G. WHYTE CK
CLERK

| STEPHANIE M. YON, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 09-5223 |
| vs. | § | |
| | § | |
| BIG LOTS STORES, INC. | § | SECT. R MAG. 1 |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Plaintiff, STEPHANIE M. YON (hereinafter, "Plaintiff") brings this action against Defendant Big Lots Stores, Inc. ("Big Lots" or "Defendant") and would show as follows:

I.
OVERVIEW

1. This is an action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. The Plaintiff worked as an assistant store manager at Big Lots Stores and was regularly required by Big Lots to work in excess of 40 hours per week without overtime. Plaintiff was previously an opt-in Plaintiff in *John Johnson, et al. v. Big Lots Stores, Inc.*, Civil Action No. 04-3201-SSV-SS C/W 05-6627, In the United States Eastern District of Louisiana. Plaintiff is a former Assistant Store Manager at Big Lots with a claim which accrued and ended prior to August 2004.

3. In accordance with the Court's July 16, 2009 Order, Plaintiff incorporates the Original Complaint in Civil Action No. 08-4326; *Kimberly G. Adams, et al v. Big Lots Stores, Inc.*, attached hereto as Exhibit A; and the Order and Reasons filed July 16, 2009 in Civil Action No. 08-4326; *Kimberly Adams, et al v. Big Lots Stores, Inc.*, attached as Exhibit B.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

4. Defendant refused to pay the Plaintiff overtime and violated the FLSA by improperly classifying Plaintiff and all those similarly situated as *exempt* assistant store managers, even though Plaintiff's primary duty consisted of non-managerial activities, Plaintiff's daily activities were tethered to specific practices, procedures and guidelines and Plaintiff did not customarily, regularly or independently supervise two or more full-time or four part-time employees.

5. Accordingly, Plaintiff has filed this lawsuit to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

6. Plaintiff STEPHANIE M. YON is an individual who resides at 667 MCGEE DR # 112, MYRTLE BEACH, SC 29588-6271, and was employed by Big Lots within the meaning of the FLSA during the relevant three-year period.

7. Defendant Big Lots Stores, Inc. is an Ohio corporation, which owns and operates over 1400 stores throughout the United States. During the relevant time period Big Lots acting through its affiliates and subsidiaries, created, ratified and implemented Defendant's unlawful payment scheme. Thus, Big Lots has acted directly or indirectly as an employer with respect to the Plaintiffs and all those similarly situated within the meaning of the FLSA. Big Lots Stores, Inc. has been served and has filed an answer.

## III.
### JURISDICTION

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331. Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b). Additionally, this Court has personal jurisdiction

over Defendant, since Big Lots employed Plaintiff and owns and operates retail establishments within the State of Louisiana and throughout the United States.

## IV.
### VENUE

9.    Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(a).

## V.
### COVERAGE UNDER THE FLSA

10.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.    At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.    At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
### FACTS

14. Big Lots is one of America's largest closeout retailers and owns and operates over 1400 retail establishments throughout the United States. During part of the time period, which is relevant to this action, Plaintiff was employed by Big Lots as *exempt* assistant store manager.

15. Plaintiff contends that Big Lots improperly classified her as "executive employee" who is otherwise "exempt" from the overtime provisions of the FLSA. However, during the relevant time period that Plaintiff was considered an exempt employee by Big Lots, Plaintiff did not regularly, customarily or independently perform managerial or discretionary functions. Instead, Plaintiff spent the majority of her working hours performing non-managerial and non-exempt functions on behalf of Big Lots.

16. Moreover, Plaintiff did not possess the authority or ability to carry out the regular and independent performance of managerial functions. Specifically, Plaintiff did not have the authority to regularly and independently hire, fire, or determine pay rates for other employees. Nor did the Plaintiff have the authority to make suggestions or recommendations regarding the termination, promotion or compensation of her co-workers. Plaintiff was also required to follow tightly controlled and strict guidelines, practices and procedures promulgated by Big Lots, which removed or severely limited their ability to exercise independent discretion or judgment. Indeed, these strict guidelines, practices and procedures required careful adherence and in many instances, required the supervision, ratification or approval of the applicable store, district or regional manager. Finally, Plaintiff did not customarily, regularly or independently supervise two or more full-time employees or four part-time employees. Instead, any supervision which existed was shared with the Store Manager, the other Assistant Store Manager, the Furniture Department Manager, and the Customer Service Specialist.

17.     Instead of performing exempt duties, Plaintiff spent her working hours performing non-managerial duties including, but not limited to the following duties:

    a.  Janitorial functions;

    b.  Operating the register;

    c.  Answering the store phone;

    d.  Sales;

    e.  Stocking and re-stocking store inventory in accordance with Plan-o-Grams and Plan-o-Guides;

    f.  Unloading merchandise from delivery trucks;

    g.  Performing recovery;

    h.  Filling in for rank and file non-exempt employees in other departments or retail establishments;

    i.  Processing form-oriented transactional paperwork completed by hourly employees;

    j.  Timekeeping functions; and

    k.  Performing similar operational functions as those performed by non-exempt, hourly employees, such as opening and closing the specific department and operating the register.

## VII.
## FLSA Violations

18.     During the relevant time period, Big Lots has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without

compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

19. The position of Assistant Store Manager and the work performed by Assistant Store Managers was not executive or exempt in nature.

20. Moreover, Big Lots knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff overtime compensation. The decision by Big Lots to not pay overtime compensation to Assistant Store Managers was neither reasonable, in good faith or based on any time studies, evaluation or quantitative or qualitative analysis of the duties performed by Assistant Store Managers. Accordingly, Plaintiff is entitled to overtime wages under the FLSA in an amount equal to one and one-half times her rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII.
### NOTICE OF RELATED ACTION

21. As noted above, Plaintiff was an opt-in Plaintiff in *John Johnson, et al. v. Big Lots Stores, Inc.*, Civil Action No. 04-3201-SSV-SS C/W 05-6627, In the United States Eastern District of Louisiana.

## IX.
### RELIEF SOUGHT

22. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order awarding Plaintiff the costs of this action;

    c. For an Order awarding Plaintiff her attorneys' fees;

d.  For an Order awarding Plaintiff unpaid benefits and compensation in connection with the misclassification;

e.  For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

f.  For an Order granting such other and further relief as may be necessary and appropriate.

RESPECTFULLY SUBMITTED,

By: _____
PHILIP BOHRER, #14089
BOHRER LAW FIRM
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: 225-925-5297
Fax: 225-231-7000

- and -

MICHAEL JOSEPHSON
Texas State Bar 24014780
HARTLEY HAMPTON
Texas State Bar 08874400
FIBICH, HAMPTON & LEEBRON, LLP
1401 McKinney, Suite 1800
Houston, TX 77010
Telephone: 713-751-0025
Facsimile: 713-751-0030

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that the foregoing Plaintiff's First Amended Original Complaint was served on all known Defendants via certified mail, rrr on the 3rd day of August 2009.

_____
Phil Bohrer